UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFERY BAUMANN,

      Plaintiff,

v.                  Case No:  2:20-cv-173-FtM-29MRM

CIRCLE K STORES, INC. and
JOHN DOE, Store Manager,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant John Doe's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. #5) filed on March 13, 2020.  Plaintiff filed a Response (Doc. #19) on May 14, 2020.

Defendant argues that the allegations against each defendant are identical, and that individual officers or agents of defendant corporation cannot be liable unless they commit or participate in a tort.  John Doe asserts that plaintiff has not alleged such personal participation.  The Court agrees, but will allow plaintiff the opportunity to file an amended complaint.

### A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). To survive dismissal, the factual allegations must be "plausible"

and "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

**B. Facts Alleged in Count II**

In the Complaint (Doc. #3), plaintiff alleges that John Doe was the Store Manager of the Circle K located in Punta Gorda, Florida, and along with Circle K Stores, Incorporated (Circle K) was responsible for maintaining the premises of the store. On or about June 12, 2018, plaintiff was on the premises and suddenly and without warning slipped on the wet, slippery, grey painted concrete walkway and sustained injuries. Prior to June 12, 2018, Circle K had painted the concrete and has since received complaints of it being slippery.

Plaintiff alleges that John Doe had a duty to exercise reasonable care and to warn of dangerous conditions to ensure the safety of patrons. Plaintiff makes virtually identical

allegations in paragraph 3 of Count II[1] as are alleged for Circle K in paragraph 17:

> a) Negligently failing to maintain or adequately maintain the grey painted concrete walkway, insomuch as it did not provide proper traction and violated the International Property Maintenance Code, Sec. 108.1.5(1) and (2) thus creating a hazardous condition to patrons utilizing it, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;
>
> b) Negligently failing to install a non-slip surface and use slip-resistant paint on the grey painted concrete walkway in violation of Florida Building Code, Sec. 101.3, and the Florida Fire Prevention Code, Sec. 7.1.6.4, when Defendant knew or through the exercise of reasonable care should have known that it was an unreasonably dangerous condition, especially when wet, and that Plaintiff was unaware of same;
>
> c) Negligently allowing a wet substance to remain on the grey painted concrete walkway, when Defendant knew or through the exercise of reasonable care should have known that the tile entryway and the water that accumulated on it was an unreasonably dangerous condition and that Plaintiff was unaware of same;
>
> d) Negligently failing to inspect or adequately inspect the grey painted concrete walkway, as specified above, to ascertain whether it and the wet substance that accumulated on it constituted a hazard to patrons utilizing said walkway, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

---

[1] After paragraphs 1-3, the numbering continues with paragraph 20.

e) Negligently failing to warn or adequately warn patrons utilizing the grey painted concrete walkway, including the Plaintiff herein, of the danger of the it and the wet substance that accumulated on it, when Defendant knew or through the exercise of reasonable care should have known that it was an unreasonably dangerous condition and that Plaintiff was unaware of same;

f) Negligently failing to take actions to reduce, mimm1ze, or eliminate foreseeable risks associated with the grey painted concrete walkway and the wet substance that accumulated on it before it became an unreasonably dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care; and

g) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the grey painted concrete walkway and the wet substance that accumulated on it when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

h) Negligently failing to exercise due care with respect to the matters alleged in this complaint.

(Doc. #3, pp. 6-7.)

**C. Count II – Merits**

As this Court has previously stated,

To state claim for negligence under Florida law, a plaintiff must allege that defendant owed plaintiff a duty of care, that defendant breached that duty, and that the breach caused plaintiff to suffer damages. <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001). Furthermore, "[t]he law is clear

to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (citations omitted). However, "to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." Id. (citation omitted).

Laposa v. Walmart Stores E. LP, No. 2:20-CV-182-FTM-29NPM, 2020 WL 2301446, at *3 (M.D. Fla. May 8, 2020). In short, plaintiff must plead that the agent was "actively negligent." Saxton v. Dollar Tree Stores, Inc., No. 8:19-CV-2670-T-60TGW, 2019 WL 6716188, at *2 (M.D. Fla. Dec. 10, 2019) (citing White) (collecting cases).

There are no specific allegations in the Complaint that John Doe personally painted the concrete, or that he personally breached a duty that was owed separate from his role as an agent of Circle K. The vague conclusory statements of John Doe's negligence are insufficient to state a plausible claim of active negligence. Plaintiff argues that such allegations can be made, so the Court will grant the motion with leave to amend. Additionally, plaintiff shall identify John Doe by his real name.

Accordingly, it is hereby

**ORDERED:**

Defendant John Doe's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. #5) is **GRANTED** and Count II of the Complaint is

- 5 -

dismissed without prejudice with leave to amend within **FOURTEEN (14) DAYS** of this Order.

      **DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of May, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 6 -