UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFERY BAUMANN,

    Plaintiff,

v.                            Case No:   2:20-cv-173-JES-MRM

CIRCLE K STORES, INC., a
foreign profit corporation
and PATRICIA MARKIE, Store
Manager,

    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant Patricia Markie's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. #26) filed on July 8, 2020.  Plaintiff filed a Response (Doc. #32) on October 21, 2020.  For the reasons set forth below, the motion is granted with leave to file an amended complaint.

    This case involves a slip and fall at a Circle K store.  Count I of the original Complaint alleged negligence by Circle K, while Count II alleged negligence by a then-unidentified store manager. On May 27, 2020, the Court issued an Opinion and Order (Doc. #21) granting a prior Motion to Dismiss Count II of Plaintiff's original Complaint, with leave to amend.  On June 10, 2020, plaintiff filed an Amended Complaint (Doc. #22) identifying the Store Manager as Patricia Markie (Markie) and setting forth additional allegations in Count II.  Defendant again seeks to dismiss Count II of the

Amended Complaint, asserting that its allegations are insufficient to plausibly allege a basis for the individual liability of the store manager.

Defendant argues that under Florida law an individual may be personally liable only if she owes a duty to plaintiff, and Count II does not allege any personal duty that would make Markie individually liable.

> The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. E.g., McElveen v. Peeler, 544 So. 2d 270, 271–72 (Fla. 1st DCA 1989); White-Wilson Med. Ctr. v. Dayta Consultants, Inc., 486 So. 2d 659, 661 (Fla. 1st DCA 1986). However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault. McElveen, 544 So.2d at 272.  Gregg correctly argues that an officer or agent may not be held personally liable "simply because of his general administrative responsibility for performance of some function of his [or her] employment"—he or she must be actively negligent. Id. However, contrary to Gregg's argument, the third amended complaint alleges more than mere technical or vicarious fault—it alleges that Gregg was directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, Ms. White was injured. Such allegations are legally sufficient to withstand a motion to dismiss for failure to state a cause of action.

White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005).  But the distinction between the duties of Circle K and the

personal duty of its store manager is hopelessly garbled in the Amended Complaint because it is a shotgun pleading which improperly incorporates all of the allegations in paragraphs 1-19 for Count I into Count II.  See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.")  Accordingly, the Court will grant the motion, dismiss Count II of the Amended Complaint, and allow a second amended complaint.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Patricia Markie's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. #26) is **GRANTED,** and Count II of the Amended Complaint is dismissed without prejudice.

2. Plaintiff may file a second amended complaint within **fourteen (14) days** of the date of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of March, 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record